IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC RICHARD WISE, | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:19-CV-1463-C-BH |
| | ) | |
| MARTHA UNDERWOOD, Warden, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241*, received on June 20, 2019 (doc. 3), should be **DISMISSED** for lack of jurisdiction.

## I.    BACKGROUND

Eric Richard Wise (Petitioner), a former federal prisoner incarcerated at the Federal Correctional Institution in Seagoville, Texas (FCI Seagoville), was convicted of seven counts of production of child pornography and aiding and abetting in violation of 18 U.S.C. § 2251 and 18 U.S.C. § 2, one count of enticement of a child and aiding and abetting in violation of 18 U.S.C. § 2422(b) and 18 U.S.C. § 2, and one count of travel with intent to engage in a sexual act with a juvenile and aiding and abetting in violation of 18 U.S.C. § 2423(b) and 18 U.S.C. § 2 in the Lubbock Division of the United States District Court for the Northern District of Texas on February 4, 2005. (*See United States v. Wise*, No. 5:03-CR-105-C, doc. 55 at 1.)[2]  He was

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in this habeas action, 3:19-CV-1463-C-BH.  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

sentenced to a total term of imprisonment of 168 months, to be followed by a three-year term of supervised release. (*See id.*, doc. 55 at 2-3.)

On June 20, 2019, he filed a petition under 28 U.S.C. § 2241 challenging the Bureau of Prisons' (BOP) recalculation of his sentence following the enactment of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194-249 (2018) (First Step Act). (*See* docs. 3-4.) The petition raised two grounds:

(1) Congress did not authorize retroactive application of good conduct credit under the First Step Act; and

(2) Retroactive application of GCT credit violates the Ex Post Facto clause of the federal Constitution.

(doc. 3 at 5.) The respondent filed a response on July 29, 2019. (*See* doc. 7.) Petitioner did not file a reply. On August 14, 2019, the respondent filed a notice stating that Petitioner had been released from BOP custody on August 1, 2019. (*See* doc. 9.) He now appears to be in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) on multiple 2006 state convictions. *See* https://inmate.tdcj.texas.gov/InmateSearch/start (search Petitioner's name) (last visited March 10, 2022).

## II.     JURISDICTION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case or controversy becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

> This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to

the defendant and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citations omitted). If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990).

A habeas petition "is not moot simply because a § 2241 petitioner is no longer in custody." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (citing *Brown v. Resor*, 407 F.2d 281, 283 (5th Cir. 1969)). The Fifth Circuit has recognized the possibility that a district court may shorten a period of supervised release under 18 U.S.C. § 3583(e)(2) "if it determines that [the defendant] has served excess prison time," which can keep a § 2241 petition from being rendered moot. *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); *see also Greene v. Underwood*, 939 F.3d 628, 628 (5th Cir. 2019). A habeas petition may be moot, however, "when the court cannot grant the relief requested by the moving party." *Salgado*, 220 F. App'x at 257 (citing *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)).

Here, Petitioner contended that the BOP improperly added approximately three months of good-conduct time (GCT) under the First Step Act to the length of his sentence, resulting in a BOP release date that was three months *earlier* than his release date prior to the enactment of the First Step Act. (*See* doc. 3 at 5; doc. 4.) He sought an "[i]njunction (TRO or preliminary) forcing BOP to remove GCT unlawfully added under 1st Step [sic] to the portion of my sentence served prior to 12-21-2018. (This would change my release date from 8-1-2019 to approx. 11-1-2019.)" (doc. 3 at 6.) His § 2241 petition for the removal of GCT was pending at the time he was released from BOP custody on August 1, 2019. (*See* doc. 9.) Because Petitioner has been released from BOP custody, is not currently serving his federal term of supervised release, and is now in the custody of TDCJ-CID, the Court cannot grant him the relief he seeks. *See Salgado*, 220 F. App'x at 257.

3

His § 2241 petition has therefore been rendered moot, and it should be dismissed for lack of jurisdiction.[3]

### III.  RECOMMENDATION

The *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241*, received on June 20, 2019 (doc. 3), should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 11th day of March, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3] Although a § 2241 petition is not rendered moot by the petitioner's release from custody when, for instance, his term of supervised release could be shortened under § 3583(e)(2) if he served excess prison time, Petitioner does not contend that he served excess prison time, and he does not seek additional time credit against his sentence. (*See* doc. 3 at 5-6.) Rather, he contended that he should have served additional prison time in the BOP Section 3583(e)(2) therefore does not preclude mootness here.